[Crim. No. 7499.    Second Dist., Div. Two.    May 16, 1961.]

THE PEOPLE, Respondent, v. WILLIAM RANDALL
BROWN, Appellant.

No appearance for Appellant.

No appearance for Respondent.

FOX, P. J.—The defendant was found guilty by a jury of the crime of robbery in the second degree. He admitted two prior felony convictions, for each of which he served time in the state prison. Defendant did not testify in this case. He has appealed from the judgment and the order denying his motion for a new trial.

Defendant was represented in the trial court by Edwin Malmuth, Esquire, who was appointed under the provisions of section 987a, Penal Code, by reason of a conflict of interest between this defendant and a defendant in another case who was represented by the public defender. Defendant filed his notice of appeal in this court in propria persona. He later made application for appointment of counsel to represent him on appeal. We then examined the record and determined that

appointment of counsel "would be neither advantageous to the defendant nor helpful to this court," and denied the application, notified defendant thereof, and extended his time to February 28, 1961, within which to file his opening brief. The time to file said brief was further extended to April 28, 1961. No brief has been filed.

On the evening of May 13, 1960, the victim, Edward Bittner, and his nephew were patrons of a bar and café on East 5th Street in Los Angeles. Following the dinner, Bittner paid for the meal, in the course of which he displayed his billfold, which contained between $150 and $175. Two other men and a woman ate at the same table with them. Defendant sat at a table almost immediately adjoining the victim's table. Shortly after the dinner had been finished the victim went to the men's restroom. Defendant Brown and one of the men who had been sitting at the victim's table soon followed. It was there that the robbery took place. There were no others in the restroom at that time. The victim's testimony is clear and positive that he was robbed and that defendant Brown was a participant. In the course of the robbery the victim was thrown to the floor of the washroom. He later emerged from the room bleeding and in pursuit of one of the men and yelling, "Holdup."

At the trial counsel for the defendant undertook to establish that the other person, rather than defendant, had actually stolen the victim's money and billfold. While this third party definitely appears to have been involved in the robbery, the victim steadfastly maintained that it was the defendant Brown, whom he positively identified, that removed his billfold from his pocket. The jury accepted the victim's testimony as true.

From the foregoing summary it is apparent that this appeal involves purely factual questions and that there is ample evidence to sustain the jury's finding of guilt.

It will be recalled that defendant failed to testify. [██ In commenting upon such a circumstance, the court stated, in *People* v. *Ashley,* 42 Cal.2d 246, at page 268 [267 P.2d 271]: "A defendant's failure to take the stand 'to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable.' (*People* v. *Adamson,* 27 Cal.2d 478, 489 [165 P.2d 3].) ██ But the

failure to testify will not supply a lacuna in the prosecution's proof.''

Defendant had a fair trial. We find nothing in the record that even suggests any basis for reversal.

The judgment and the order are affirmed.

Ashburn, J., concurred.